■ VINCENT A. SAUER, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents, and DELTA AIR LINES, INC., Intervenor-Appellant. [727 NYS2d 113] —Judgment, Supreme Court, New York County (Emily Goodman, J.),

entered May 19, 1999, as modified by an order of the same court and Justice, entered June 28, 1999, which granted the petition, annulled respondent's determination dated September 21, 1998, which dismissed petitioner's complaint of age discrimination, and remanded the matter to respondent for a hearing pursuant to Executive Law § 297, unanimously affirmed, without costs.

There is sufficient unrebutted evidence in the record taken as a whole to warrant a public hearing on petitioner's complaint that intervenor-appellant Delta Air Lines discriminated on the basis of age against the then 57-year-old automotive mechanic, with 19 years of service with Pan American Airways (Pan Am), when it did not hire him as part of its 1991 purchase of Pan Am's assets. Contrary to the finding of respondent Commissioner, the Court of Appeals decision in *Matter of Delta Air Lines v New York State Div. of Human Rights* (91 NY2d 65) is not dispositive inasmuch as, in that related case, there was a public hearing with a full consideration of the evidence submitted by the parties. Here, however, petitioner's allegations, that he was not hired because of his age and that younger Pan Am mechanics with less seniority, whom he specifically identified, were hired in his stead, are unrebutted by any evidence in the record. Delta's unsigned and unsworn position statement, submitted in an attempt to settle petitioner's complaint, in which it stated that petitioner was not hired "because he lacked sufficient seniority to be considered," is inadequate for that purpose. Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.